UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EARL SAMUELS,                                      :
                                                   :
                    Plaintiff,                     :
                                                   :   COMPLAINT
            -against-                              :
                                                   :
CITY OF NEW YORK, POLICE OFFICER                   :
SEAN PHILLIPS, Shield No. 11911, and               :   Jury Trial Demanded
JOHN/JANE DOE POLICE OFFICERS 1-3,                 :
                                                   :
                    Defendants.                    :
------------------------------------------------------------ x

   This is an action to recover money damages arising out of the violation of Plaintiff Earl Samuel's ("Mr. Samuels") rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

   1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

   2. The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

   3. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) as Plaintiff resides in the District and the claim arose in the District.

## JURY DEMAND

   4. Mr. Samuels respectfully demands a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

   5. Mr. Samuels is a citizen of the City of New York in Kings County in the State of New York.

   6. Defendant City of New York was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

7. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8. That at all times hereinafter mentioned, Defendant Police Officer Sean Phillips, Shield No. 11911, and John/Jane Doe Police Officers 1-3 were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

9. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

11. Mr. Samuels lives in Brooklyn.

12. On or around February 20, 2014, at approximately 2:00 a.m., Mr. Samuels was at a gas station at or near 1381 Atlantic Avenue with Mario Murillo and Matthew Simone. The three men had arrived together in one vehicle.

13. Mr. Murillo had driven the vehicle, which was in the gas station's lot during the incident.

14. Doe Officers arrived and stopped the three men and asked for Mr. Murillo's driver's license.

15. On information and belief, one of the Doe Officers was a black male NYPD Sergeant who Mr. Samuels believed to be Jamaican-American. One of the other Doe Officers was a white male NYPD Officer.

16. Doe Officers arrested Mr. Murillo.

17. Mr. Samuels and Mr. Simone remained on the gas station premises during Mr. Murillo's detention and arrest, both asking Doe Officers what had prompted the stop and what Mr. Murillo had done to merit arrest.

18. Doe Officers refused to answer Mr. Samuels's and Mr. Simone's questions.

19. Doe Officers told Mr. Samuels and Mr. Simone to leave.

20. Mr. Samuels and Mr. Simone both began to walk off the gas station premises yet one of the Doe Officers arrested Mr. Samuels.

21. Doe Officers did not arrest Mr. Simone.

22. Mr. Samuels asked Doe Officers why he was being arrested.

23. Doe Officers refused to answer.

24. Doe Officers transported Mr. Samuels to the precinct.

25. Mr. Samuels was incarcerated nearly twenty-two hours before he saw a judge.

26. Defendant Police Officer Sean Phillips falsely stated to employees of the Kings County District Attorney's Office that Mr. Samuels had "screamed, cursed and used obscene languge" at the gas station. This was not true.

27. On the basis of Defendant Police Officer Sean Phillips's false statements, Mr. Samuels was charged with committing Disorderly Conduct.

28. The state court judge dismissed the charges against Mr. Samuels.

29. Defendants unconstitutionally deprived Mr. Samuels of his liberty, damaged his reputation, caused him emotional distress and fear, and more.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting those individuals.

31. The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Individual Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

32. The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] . . . [T]here is some evidence

4

Case 1:16-cv-00344-PKC-PK Document 1 Filed 01/21/16 Page 5 of 9 PageID #: 5

> of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., No. 09 Civ. 8, No. 09 Civ. 9 (JBW), 2009 WL 4263363, at *2 (E.D.N.Y. Nov. 25, 2009).

33. Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

34. Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Mr. Samuels's constitutional rights.

35. Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

36. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

37. All of the aforementioned acts deprived Mr. Samuels of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

41. As a result of the foregoing, Mr. Samuels is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### FIRST CLAIM
### 42 U.S.C. § 1983

42. Mr. Samuels repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

43. Defendants, by their conduct toward Mr. Samuels alleged herein, violated Mr. Samuels's rights guaranteed by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

44. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Mr. Samuels of his constitutional rights.

45. As a direct and proximate result of Defendants' unlawful conduct, Mr. Samuels sustained the damages hereinbefore alleged.

6

## SECOND CLAIM
## FALSE ARREST

46. Mr. Samuels repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

47. Defendants violated the Fourth and Fourteenth Amendments because they arrested and/or detained Mr. Samuels without probable cause.

48. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Samuels of his constitutional rights.

49. As a direct and proximate result of Defendants' unlawful conduct, Mr. Samuels sustained the damages hereinbefore alleged.

## THIRD CLAIM
## FAILURE TO INTERVENE

50. Mr. Samuels repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

51. The Individual Defendants actively participated in the aforementioned unlawful conduct and observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

53. Individual Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Samuels of his constitutional rights.

54. As a direct and proximate result of Defendants' unlawful conduct, Mr. Samuels sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## MONELL

55. Mr. Samuels repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

57. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Mr. Samuels's rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

59. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Mr. Samuels's safety, well-being and constitutional rights.

60. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Mr. Samuels as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Samuels respectfully request the following relief:

A. An order entering judgment for Mr. Samuels against Defendants on each of their claims for relief;

B. Awards to Mr. Samuels for compensatory damages against all Defendants, jointly and severally, for their violation of Mr. Samuels's Fourth and Fourteenth Amendment rights, the amount to be determined at jury trial, which Mr. Samuels respectfully demands pursuant to FRCP 38;

C. Awards to Mr. Samuels of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Mr. Samuels's constitutional rights and welfare, the amount to be determined at jury trial, which Mr. Samuels respectfully demands pursuant to FRCP 38;

D. Awards to Mr. Samuels of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   January 21, 2016
         New York, New York

                                                   /s
                                        Ryan Lozar  (RL0229)
                                        305 Broadway, 9th Floor
                                        New York, New York 10007
                                        (310) 867-1562

                                        *Attorney for Plaintiff*

9